

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-13-2006

# Leath v. Holt

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1076

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Leath v. Holt" (2006). *2006 Decisions.* Paper 459.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/459

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

conviction pursuant to 28 U.S.C. § 2255. Unsuccessful on those efforts, he was
denied permission to file a second or successive § 2255 motion. *In re: Leath*, C.A.
No. 05-3957 (order entered Sept. 29, 2005).

Leath then filed the underlying petition for writ of habeas corpus pursuant
to 28 U.S.C. § 2241 in the District Court for the Middle District of Pennsylvania.
He argued, as he had in his request to file a successive § 2255 motion, that he is
entitled to relief pursuant to *United States v. Booker*, 543 U.S. 220 (2005). The
District Court concluded that § 2255 was not an inadequate or ineffective remedy
and dismissed the petition for lack of jurisdiction. Leath appeals.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the
District Court's dismissal is plenary. *See Cradle v. United States ex rel. Miner*,
290 F.3d 536, 538 (3d Cir. 2002) (per curiam). A section 2255 motion filed in the
sentencing court is the presumptive means for a federal prisoner to challenge the
validity of a conviction or sentence. *See Okereke v. United States*, 307 F.3d 117,
120 (3d Cir. 2002). A defendant is permitted to pursue relief under 28 U.S.C.
§ 2241 only where he shows that the remedy under § 2255 would be "inadequate or
ineffective to test the legality of his detention." 28 U.S.C. § 2255; *In re Dorsainvil*,
119 F.3d 245, 249-51 (3d Cir. 1997). "A § 2255 motion is inadequate or ineffective
only where the petitioner demonstrates that some limitation of scope or procedure

2

conviction under 28 U.S.C. § 2255, failing each time (however, a subsequent § 3582 motion was granted in part). He later filed a mandamus petition and sought authorization from this Court to file another section 2255 motion, again without success.

Undeterred, in 2005 Leath filed a habeas corpus petition in the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 2241, arguing in essence that his sentence is unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), and United States v. Booker, 543 U.S. 220 (2005). The District Court dismissed the petition because such claims must be brought via § 2255 in the court where he was convicted unless § 2255 is "inadequate or ineffective;" and § 2255 is not rendered "inadequate or ineffective" by the petitioner's mere inability to meet the criteria for filing a second or successive § 2255 motion.

We agree with the District Court. Leath's claims clearly fall outside the narrow range of situations in which § 2255 is "inadequate or ineffective," for the reasons set forth in In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997), and Okereke v. United States, 307 F.3d 117 (3d Cir. 2002). Accordingly, the appeal is without legal merit and we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).